# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                  Case No. 08-CR-302

CATHERINE BOHANNON,

      Defendant.

_____

## ORDER

On August 27, 2010, the defendant, Catherine Bohannon ("Bohannon"), filed a motion to dismiss the superseding indictment pending against her, arguing that she had been denied her statutory and constitutional right to a speedy trial. (Docket #307). On November 22, 2010, Magistrate Judge Patricia J. Gorence issued a recommendation to this court, concluding that "the Speedy Trial Act was violated . . . the indictment should be dismissed against defendant Bohannon . . . [but] that the dismissal should be without prejudice." (Docket #370 at 7). Magistrate Gorence's recommendation also concluded that the defendant had "not demonstrated a denial of her Sixth Amendment right to a speedy trial." (Docket #370 at 9). On December 6, 2010, the defendant filed an objection to the report and recommendation. (Docket #375). The matter is now appropriate for resolution in this court and, accordingly, the court begins by reviewing the history of the charges against the defendant.

On April 29, 2009, a grand jury returned a superseding indictment in this matter against eighteen persons, including Ms. Bohannon. (Docket #45). The

defendant was charged with "knowingly and intentionally" conspiring to distribute one kilogram or more of a mixture and substance containing heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. That same day, Magistrate Gorence issued an order setting the conditions of release for Ms. Bohannon. On May 27, 2009, the magistrate held a scheduling conference, where she ordered that all motions be filed on or before September 25, 2009. (Docket #116). Magistrate Gorence concluded in her scheduling order that based on the number of defendants in the matter, the volume of discovery, and the wire tap and audio records involved that "any period of delay resulting from pretrial preparation and resolution of motions is deemed excludable" under the Speedy Trial Act. (Docket #116 at 4). On June 5, 2009, the defendant's attorney filed on the electronic docket a request made to the Assistant United States Attorney for transcripts of phone calls concerning the case. (Docket #123). However, no motions were filed on September 25, 2009, by Ms. Bohannon.

The docket is shockingly quiet for much of 2010. On April 21, 2010, the defendant filed a motion for a margin order directing pretrial services to conduct a more "complete 'criminal history' check" on Ms. Bohannon, in order to resolve whether the defendant had a "significant criminal history" under an alias. (Docket #231). This court granted the defendant's motion. The docket with respect to Ms. Bohannon is then silent until the defendant's motion to dismiss for violations of her

statutory and constitutional rights to a speedy trial.[1] (Docket #307). The defendant's motion to dismiss the indictment included a "request" that the motion "be deemed a request for a Speedy Trial." (Docket #307 at 7). With this background in mind, the court proceeds to address the substance of Ms. Bohannon's motion, beginning with the Speedy Trial Act violation.

The Speedy Trial Act mandates that criminal trials be commenced within seventy days of the issuance of an indictment or a defendant's first appearance before a judicial officer, whichever occurs later. 18 U.S.C. § 1361(c)(1). If the defendant is not brought to trial within seventy days, the indictment should be dismissed on the motion of the defendant. 18 U.S.C. § 3162(a)(2). A dismissal may be with or without prejudice. *United States v. Taylor*, 487 U.S. 326, 336-37, 342-43, 108 S. Ct. 2413, 101 L. Ed. 2d 297 (1988). Here, the issue on the motion to dismiss with respect to the Speedy Trial Act violation is fairly simple. The government readily concedes that a violation of the Speedy Trial Act occurred.[2] (Docket #323 at 6). Accordingly, the only issue with respect to the Speedy Trial Act violation is whether the indictment should be dismissed with or without prejudice.

---

[1] The government states in its brief opposing the motion to dismiss that before the motion was filed, the parties had engaged in ongoing plea negotiations. (Docket #323 at 4). However, on August 2, 2010, Ms. Bohannon's attorney indicated that the defendant would not sign a plea agreement, and the parties agreed to contact this court to schedule a trial date. *Id.* Nonetheless, neither party contacted the court to schedule a trial.

[2] Accordingly, Ms. Bohannon's extended discussion in her latest brief to the court regarding what times were excludable under the Speedy Trial Act is all but academic.

-3-

The Speedy Trial Act provides this court with "substantial discretion to determine whether to dismiss the indictment with or without prejudice, requiring the court to consider, 'among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.'" *United States v. Sykes*, 614 F.3d 303, 309 (7th Cir. 2010) (quoting 18 U.S.C. § 3162(a)(2)). Moreover, "implicit" in the Speedy Trial Act's "broadly stated formula" is a requirement that the court consider "whether the defendant has been prejudiced." *Sykes*, 614 F.3d at 309. "[T]here is no presumption in favor of either form of dismissal." *Taylor*, 487 U.S. at 343 n.15.

Here, the court will adopt the magistrate's recommendation with respect to Speedy Trial Act violation. The underlying criminal charge in this action is quite grave – the defendant is charged with a crime that exposes her to a penalty of a minimum of ten years in prison and maximum of life imprisonment. 21 U.S.C. § 841(b)(1)(A). The presence of such a charge militates strongly against dismissal with prejudice. *See, e.g., United States v. Simmons*, 786 F.2d 479, 485 (2d Cir. 1986) (holding that mere "possession" of a small amount of heroin was a "serious" offense within the meaning of 18 U.S.C. § 3162(a)(2)). When considering the facts and circumstances that led to the dismissal, the court finds that on balance the factors weigh slightly in favor of dismissing the charge without prejudice. The government clearly dropped the proverbial ball in having this case linger as long as

it did. The onus is ultimately on the government to prosecute its cases, but in this case the government failed to ask for a trial date and failed to request additional excludable time under the Speedy Trial Act. However, there is nothing to indicate that the delay was the result of bad faith on the part of the government; rather, the time allotted under the Act simply ran out inadvertently. *See United States v. Smith,* 576 F.3d 681, 689 (7th Cir. 2009) (affirming the decision of a district court to dismiss an indictment without prejudice where there was no evidence of bad faith on the part of the government). Moreover, as the defendant concedes in her latest brief, Ms. Bohannon did not assert her statutory right to a speedy trial until August 27, 2010. (Docket #307). *See United States v. Fountain*, 840 F.2d 509, 513 (7th Cir. 1988) ("A defendant who waits passively while the time runs has less claim to dismissal with prejudice than does a defendant who demands, but does not receive, prompt attention.") Finally, the defendant suffered no prejudice as a result of the delay. While there may have been a lengthy delay in this case, that is just one factor for the court to consider in its analysis. *Sykes,* 614 F.3d at 310. The defendant was released from custody immediately after the arraignment, and there is no credible allegation that evidence has disappeared or that witnesses' memories have faded in this case.[3] The defendant does not contest the magistrate's findings with regard to the impact of delay on the administration of the Speedy Trial Act and justice, and

---

[3] Unlike *Doggett v. United States*, 505 U.S. 647, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992), which the defendant cites in opposition to the Magistrate's recommendation, here, there has not been an eight and a half year delay after the indictment.

the court agrees with the magistrate that dismissal of the indictment without prejudice is commensurate with the magnitude of the violation and the underlying facts of the case. *See United States v. Loera*, 565 F.3d 406, 411 (7th Cir. 2009). Balancing all of the 3162(a)(2) factors together, including the lack of prejudice to the defendant and the seriousness of the underlying crime, the court is all but obliged to find that dismissal without prejudice is the proper sanction for the government's violation of the Speedy Trial Act. The court proceeds to examine whether Ms. Bohannon's constitutional right to a speedy trial has been violated.[4]

The Sixth Amendment to the United States Constitution states that in "all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. Amend. VI. In considering a defendant's Sixth Amendment speedy trial challenge, the court must apply a four-part test: (1) whether the delay before trial was uncommonly long; (2) whether the government or the defendant is more to blame for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered prejudice from the delay. *Barker v. Wingo,* 407 U.S. 514, 531, 92 S. Ct. 2182 (1972). The first factor acts as a "triggering mechanism," in that unless a "presumptively prejudicial amount of time elapsed . . . it is unnecessary to conduct a searching analysis of all the factors." *United States v. Oriedo,* 498 F.3d 593, 596 (7th Cir. 2007). Here, however, an extended analysis

---

[4] The court notes that the mere fact that a violation of the defendant's statutory right to a speedy trial has occurred does not mean that her constitutional right to a speedy trial has been violated: the two rights are related but wholly distinct, "so that a violation of one may be found without a violation of the other." *United States v. White*, 443 F.3d 582, 588 (7th Cir. 2006).

is needed, as more than a year has passed since the defendant was indicted. *See United States v. Saenz*, 623 F.3d 461, 464 (7th Cir. 2010) ("We have found that delays of one year are presumptively prejudicial.").

Here, the court will adopt the magistrate's recommendation with regard to the Sixth Amendment challenge. The first factor, while favoring the defendant, does not weigh considerably in favor of the defendant, as the Seventh Circuit has noted, in "complex conspiracy cases," such as the present case, "the length of delay that can be tolerated . . . is longer than it is for prosecution of simple street crimes." *Id.* at 464 (holding that a delay of twenty months between the original indictment and the beginning of the trial did not constitute a violation of the defendant's Sixth Amendment right to a speedy trial). The second factor – the reasons for the delay – does not weigh in any particular direction. As noted above, the government needed to be more diligent in bringing this matter to trial, but at the same time, Ms. Bohannon did not file timely pretrial motions in September of 2009 and engaged in active plea negotiations until August of 2010, when she decided that she wanted to go to trial. Moreover, the fact that much of the delay in this case has been a result of the co-defendant's actions, such as one co-defendant absconding, neutralizes the blame that normally would be levied on the government. *See* Oriedo, 498 F.3d at 599 ("Moreover, the delays occasioned by his co-defendant's motions, amounting to a year, are at best neutral and not chargeable to the Government simply because it elected to try together both defendants involved in a single conspiracy."). With

respect to the third factor, as noted above, the defendant did not assert her right to a speedy trial until August 27, 2010, making it "hard for the defendant to establish she was denied a speedy trial." *Id.* at 465. Finally, as discussed above, the defendant has not been prejudiced by the delay. Prejudice should be assessed in light of the interests the speedy trial right was designed to protect, namely: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and the concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. Here, the defendant is not currently incarcerated, and there is no indication that the defendant's defense has or will be impaired. Weighing all the *Baker* factors together, the court concludes that Ms. Bohannon's Sixth Amendment right to a speedy trial has not been violated. As such, the court will adopt the magistrate's recommendation in whole.

Accordingly,

**IT IS ORDERED** that the November 22, 2010 recommendation of Magistrate Gorence that defendant's motion to dismiss the indictment be granted in part and denied in part (Docket #370) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that defendant Catherine Bohannon's motion to dismiss the indictment (Docket #307) be and the same is hereby **GRANTED in part** and **DENIED in part**; Bohannon's motion to dismiss for violation of the Speedy Trial Act be and the same is hereby **GRANTED;** Bohannon's motion to dismiss for

violation of the Sixth Amendment to the Constitution be and the same is hereby **DENIED**; and

      **IT IS FURTHER ORDERED** that the superseding indictment (Docket #45) be and the same is hereby **DISMISSED without prejudice.**

      Dated at Milwaukee, Wisconsin, this 30th day of December, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge